IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **CANDELARIA MAYORGA,** Individually and as Administrator of the **ESTATE OF ALICIO MAYORGA-RANGEL**, <br><br>     Plaintiffs, <br><br> v. <br><br> **JOSEPH TAYLOR, in his official and individual capacity,** and **WHITFIELD COUNTY SHERIFF'S DEPARTMENT,** <br><br>     Defendants. | Civil Action File No. <br> _____ |

## COMPLAINT

Comes now, CANDELARIA MAYORGA, individually and as Administrator of the ESTATE OF ALICIO MAYORGA-RANGEL, Plaintiffs in the above-styled case, and brings this Complaint for Damages against Deputy JOSEPH TAYLOR, in his official and individual capacity, and WHITFIELD COUNTY SHERIFF'S DEPARTMENT, Defendants herein, on her own behalf and on behalf of her husband Alicio Mayorga-Rangel, seeking restitution from this Honorable Court for the unlawful and illegal actions taken by Defendants which deprived Alicio Mayorga-Rangel of the rights guaranteed to him under the U.S. Constitution and ultimately caused him to lose his life.

1

## PRELIMINARY STATEMENT

This is an action brought under 42 U.S.C. § 1983 and the law of the State of Georgia to hold Deputy Joseph Taylor and the Whitfield County Sheriff's Department accountable for the wrongful death of Alicio Mayorga-Rangel.

On September 20, 2024, Plaintiff called 9-1-1 because her husband, Alicio Mayorga-Rangel, was suffering from a mental health episode. Plaintiff expected an ambulance to arrive with trained medical professionals. Instead, despite Plaintiff specifically mentioning a mental health emergency, Defendant Taylor arrived on the scene. From the beginning, it was obvious that Taylor had received little to no training on how to deal with a mental health emergency. He failed to identify himself as law enforcement, failed to wait for backup, failed to take appropriate actions regarding the use of force, and within seconds of Mr. Mayorga-Rangel coming out of the house naked and unarmed, Defendant Taylor shot him four times and then watched as he bled out with only a feeble effort to provide any medical aid. Defendant Taylor's actions violated acceptable police procedure and are so egregious that any reasonable officer in his position would comprehend that fatally shooting an unarmed man in this situation was entirely unreasonable.

Additionally, Whitfield County Sheriff's Department should be held liable for the wrongful death of Alicio Mayorga-Rangel because their severely deficient lack of training on dealing with mental health issues and associated use of force was a proximate cause of Defendant Taylor's failure to adequately respond to a scene which he knew or should have known was a mental health emergency ahead of time.

The failures by both Defendants caused a clear violation of Mr. Mayorga-Rangel's constitutional rights and cost him his life. His widow, Candelaria Mayorga, brings this suit for damages both on behalf of his estate and for the value of his life.

## JURISDICTION AND VENUE

1. This Complaint seeks remedies pursuant to 42 U.S.C. § 1983 for violations of the Fourth Amendment to the Constitution of the United States of America and the laws of the State of Georgia.

2. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. §§ 1331, 1341, and 1367.

3. Venue is proper before this Honorable Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Candelaria Mayorga, is a resident of Whitfield County, Georgia, and at all times relevant hereto, resided in Whitfield County, Georgia.

5. At all times relevant hereto, Defendant Joseph Taylor ("Taylor") was employed by the Whitfield County Sheriff's Department.

6. At the time of the incident, Taylor was on-duty with the Whitfield County Sheriff's Department and acting within the scope and duties of his employment.

7. Defendant Whitfield County Sheriff's Department provides law enforcement to Whitfield County, Georgia.

8. Defendant Whitfield County Sheriff's Department is subject to liability of a government entity as set forth under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).

## **FACTS**

9. On September 20, 2024, Mr. Mayorga-Rangel purchased a legal bar of chocolate with mushrooms.

10. Later that night, Mr. Mayorga-Rangel consumed part of the chocolate bar.

11. Not long after he ingested part of the chocolate bar, he began to have a severe psychological reaction to something in the chocolate bar.

12. Plaintiff was at home with her husband, Mr. Mayorga-Rangel, her husband, at the time.

13. Mr. Mayorga-Rangel began to aggressively attempt to remove a tattoo on his arm.

14. Plaintiff had called over a friend who lived nearby, Amy Neighbors, to help Plaintiff settle Mr. Mayorga-Rangel down.

15. Both Plaintiff and Mrs. Neighbors are nurses.

16. Plaintiff was able to convince Mr. Mayorga-Rangel to relinquish the objects he used to try to remove that tattoo.

17. Plaintiff called 911 in order to get medical attention for the mental health issues her husband Alicio Mayorga-Rangel was suffering from which had been caused by the chocolate bar.

18. At no point, did Mr. Mayorga-Rangel threaten either woman or make them feel scared for their safety.

19. The 911 dispatcher obtained the facts of the situation, noting that it was a mental health emergency, and dispatched EMS and the Whitfield County Sheriff's Department.

20. Defendant Taylor responded to the call.

21. Just before midnight, Defendant Taylor arrived on scene.

22. He did not have his emergency lights on.

23. Defendant Taylor excited his vehicle and walked towards Plaintiff's house with his powerful flashlight raised.

24. At this time, EMS had not yet arrived on the scene.

25. As Defendant Taylor arrived at the house, Mr. Mayorga-Rangel exited the house with Plaintiff right behind him.

26. It was obvious that Mr. Mayorga-Rangel was having a mental health emergency.

27. Defendant Taylor did not announce that he was law enforcement.

28. Defendant Taylor shined his powerful flashlight in Mr. Mayorga-Rangel's face while failing to identify himself.

29. Defendant Taylor took no steps to defuse the situation before pulling out his taser.

30. Defendant Taylor, still having not identified himself or attempted to defuse the situation, threatened to tase Mr. Mayorga-Rangel.

31. Mr. Mayorga-Rangel, naked, unarmed, and clearly suffering from a mental health emergency, moved towards Defendant Taylor.

32. Defendant Taylor deployed his taser, knocking Mr. Mayorga-Rangel to the ground.

33. While Mr. Mayorga-Rangel was on the ground, naked, with his hands in the air, Defendant Taylor switched from his taser to his 9mm Glock.

34. Defendant Taylor did not attempt to defuse the situation at any time.

35. Defendant Taylor did not identify himself as law enforcement at this time.

36. Defendant Taylor did not employ any further non-lethal measures to restrain Mr. Mayorga-Rangel.

37. Defendant Taylor did not retreat from Mr. Mayorga-Rangel.

38. Instead, Defendant Taylor informed Mr. Mayorga-Rangel that he was "going to get shot."

39. Mr. Mayorga-Rangel, still naked and empty-handed, began to stand.

40. As Mr. Mayorga-Rangel moved towards Defendant Taylor, Defendant Taylor shot him four times in the chest.

41. After shooting Mr. Mayorga-Rangel, Defendant Taylor continued to point his gun at Mr. Mayorga-Rangel.

42. Mr. Mayorga-Rangel collapsed into the ditch beside his house.

43. A second Whitfield County deputy arrived on the scene, less than two minutes after Defendant Taylor arrived.

44. While Alicio Mayorga-Rangel was bleeding to death on the ground, the two deputies proceeded to turn him over onto his belly in order to handcuff him behind his back.

45. At this point, due to the four gunshot wounds inflicted by Defendant Taylor, Mr. Mayorga-Rangel was in significant pain and unable to meaningfully resist.

46. This action was taken before the deputies attempted any lifesaving measures.

47. Defendant Taylor, the other members of the Whitfield County Sheriff's Department, and the responding EMS responders all provided inadequate care for Mr. Mayorga-Rangel following Deputy Taylor's illegal shooting of Mr. Mayorga-Rangel.

48. Mr. Mayorga-Rangel died from the gunshot wounds that same evening shortly after arriving at the hospital.

49. Mr. Mayorga-Rangel's death was a direct and proximate cause of Whitfield County's failure to train officers on how to deal with mental health emergencies while sending officers to handle those emergencies.

## COUNT ONE

### 42 U.S.C. § 1983 – Violation of the Fourth Amendment of the United States Constitution.

50. Plaintiff realleges and incorporates paragraphs 1 through 49 above as if set out verbatim herein.

51. Defendant Taylor, while acting under color of law, violated Mr. Mayorga-Rangel's constitutional rights by acting with gross negligence and recklessness to deprive him of life and liberty.

52. Defendant Taylor's actions violated the constitutional rights guaranteed to Mr. Mayorga-Rangel by the Fourth Amendment of the United States Constitution.

53. Defendant Taylor's actions were not taken in good faith and were in violation of clearly established law.

54. As a direct and proximate result of Defendants' illegal and unconstitutional actions, Mr. Mayorga-Rangel was forced to endure excruciating physical suffering as he lay dying naked in a ditch from gunshot wounds illegally inflicted by Defendant Taylor.

55. As a direct and proximate result of Defendant's illegal and unconstitutional actions, Mr. Mayorga-Rangel was forced to suffer immense emotional pain as he lay dying naked in a ditch from gunshot wounds illegally inflicted by Defendant Taylor.

56. As a direct and proximate result of Defendant Taylor's improper and unreasonable actions, Mr. Mayorga-Rangel lost his life.

57. Mr. Mayorga-Rangel's estate is entitled to all damages for his the immense suffering he was put through, and for the loss of his life as a direct and proximate result of Defendants' illegal and unconstitutional actions.

## COUNT TWO

### 42 U.S.C. § 1983 – *Monell* Liability

58. Plaintiff realleges and incorporates paragraphs 1 through 57 above as if set out verbatim herein.

59. The Whitfield County Sheriff's Office had a duty to properly train their officers.

60. Specifically, Whitfield County Sheriff's Office, knowing that their officers would be required to respond to mental health emergencies, failed to adequately train their officers to properly respond.

61. This failure was a direct and proximate cause of the actions that deprived Mr. Mayorga-Rangel of his constitutional rights under the Fourth Amendment.

62. The training policies of Defendant Whitfield County Sheriff's Office, or the deliberate indifference of Defendant Whitfield County Sheriff's Office to the need to train its officers, was the moving force behind the violation of Mr. Mayorga-Rangel's constitutional rights.

63. Furthermore, Defendant Taylor was not provided with adequate less-than-lethal tools to attempt to restrain Mr. Mayorga in the event that it had become necessary.

## COUNT THREE

### O.C.G.A. § 51-4-2 – Wrongful Death of a Spouse

64. Plaintiff realleges and incorporates paragraphs 1 through 63 above as if set out verbatim herein.

65. Plaintiff Candeleria Mayorga was the lawful spouse of Alicio Mayorga-Rangel at the time of his death and is entitled under Georgia statute to bring a claim for his wrongful death.

66. As a direct and proximate result of Defendant Taylor's and Defendant Whitfield County Sheriff's Office's illegal and unconstitutional actions, Mr. Mayorga-Rangel was wrongfully killed.

67. Plaintiff is entitled to recover the full value of the life of Mr. Mayorga-Rangel.

**WHEREFORE,** Plaintiff prays as follows:

(a) That service of process be issued;

(b) That Defendants be served with a copy of this Complaint and Summons;

(c) That trial be had before a jury;

(d) That Plaintiff be granted judgment against Defendants for all general and special damages allowed by law as determined by the enlightened conscience of a fair and impartial jury; and

(e) That Plaintiff have such other relief as deemed proper by this Court.

Respectfully submitted this 10th day of February, 2026.

**MORRIS & DEAN**

BY: *Jeffrey J. Dean*
Jeffrey J. Dean
GA Bar No. 006890
Zachary J. Scarbor
GA Bar No. 780651
Caleb G. Howard
GA Bar No. 721374

P. O. Box 2005
Dalton, GA 30720-4220
Phone: (706) 226-0300
jeff@morrisanddean.com
zach@morrisanddean.com
caleb@morrisanddean.com

*Attorneys for Plaintiffs*