**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| CANDELARIA MAYORGA, Individually and as Administrator of the ESTATE OF ALICIO MAYORGA-RANGEL, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH TAYLOR, in his individual capacity, <br><br> Defendant. | Civil Action File No.: 4:26-cv-00037-WMR |

**DEFENDANT'S ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT**

COMES NOW Defendant Joseph Taylor and hereby makes this his answer and defenses to Plaintiffs' second amended complaint ("SAC") and respectfully shows this Honorable Court the following:

**FIRST DEFENSE**

Plaintiffs' SAC fails to state a claim upon which relief can be granted against Taylor.

1

## SECOND DEFENSE

Taylor is entitled to qualified immunity as to Plaintiffs' 42 U.S.C. § 1983 claim because, at all material times, Taylor performed discretionary acts within the scope of his duties and did not violate any clearly established constitutional right of Plaintiffs or Alicio Mayorga-Rangel ("the deceased") which reasonable officials would have known.

## THIRD DEFENSE

Plaintiffs cannot recover against Taylor because Taylor did not deprive Plaintiffs or the deceased of any rights, privileges, or immunities secured by the Constitution or laws of the United States of America.

## FOURTH DEFENSE

The alleged actions and inactions of Taylor were not the proximate cause of the injuries and damages Plaintiffs allege to have suffered.

## FIFTH DEFENSE

Taylor is not liable to Plaintiffs because Taylor did not breach any duty owed to Plaintiffs or the deceased.

## SIXTH DEFENSE

Any and all actions taken by Taylor were correct, made in good faith,

2

reasonable and in accordance with the law.

## SEVENTH DEFENSE

Taylor is not liable to Plaintiffs because Taylor, at all times, acted in accordance with proper authority, and Plaintiffs and the deceased have suffered no damages thereby.

## EIGHTH DEFENSE

Taylor is not liable to Plaintiffs because any and all alleged injuries and damages, if any, sustained by Plaintiffs or the deceased were directly and proximately caused by forces or instrumentalities other than those over which Taylor had control.

## NINTH DEFENSE

Taylor is not liable to Plaintiffs because Taylor is not guilty of any willful misconduct or maliciousness.

## TENTH DEFENSE

Taylor's use of force was objectively reasonable under the totality of the circumstances and did not violate the Fourth Amendment, because the force used was reasonably necessary to respond to the immediate threat that the deceased posed to Taylor and others. The same conduct was privileged and justified under the law

of the State of Georgia as force Taylor reasonably believed necessary to defend himself and others against the imminent use of unlawful force and the infliction of serious bodily injury or death.

## ELEVENTH DEFENSE

The injuries and death of the deceased were proximately caused, in whole or in part, by his own conduct, including his voluntary intoxication and his aggressive, non-compliant, and threatening actions toward Taylor, which constituted an intervening and superseding cause of the injuries and damages alleged. To the extent any fault is attributed to Taylor on Plaintiffs' state-law claim, Plaintiffs' recovery is barred or must be reduced in proportion to the fault attributable to the deceased under O.C.G.A. § 51-12-33, and is further barred or limited in accordance with O.C.G.A. § 51-11-7 to the extent he failed to exercise ordinary care for his own safety.

## TWELFTH DEFENSE

Plaintiff cannot recover against Taylor under Georgia law because Taylor did not deprive Plaintiffs or the deceased of any rights, privileges, or immunities secured by the Constitution or laws of the State of Georgia.

## THIRTEENTH DEFENSE

Taylor is entitled to official immunity as to Plaintiffs' state law claim because

Taylor engaged in discretionary acts and did not act with malice toward Plaintiffs or the deceased.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to recover punitive damages, and any award of punitive damages would be barred or limited under applicable law, including any applicable statutory or constitutional limitations on the availability, amount, and standards governing such damages.

## FIFTEENTH DEFENSE

Taylor hereby incorporates all affirmative defenses under Federal Rule of Civil Procedure 8(c)(1) to the extent they are or become supported by the evidence.

## SIXTEENTH DEFENSE

Without waiving any of the foregoing defenses and subject to said defenses, Taylor responds to the enumerated paragraphs of Plaintiffs' SAC as follows, to-wit:

## PRELIMINARY STATEMENT

Taylor denies the allegations set forth in the preliminary statement of the SAC.

### 1.

Taylor admits that Plaintiffs' SAC purports to seek remedies under Section 1983 for alleged violations of the Fourth Amendment to the Constitution of the

United States of America and the laws of the State of Georgia. Taylor denies that Plaintiffs are entitled to any remedies against him.

**2.**

Taylor admits the allegations contained in paragraph 2 of Plaintiffs' SAC.

**3.**

Taylor admits the allegations contained in paragraph 3 of Plaintiffs' SAC.

**4.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of Plaintiffs' SAC.

**5.**

For all times relevant, Taylor admits the allegations contained in paragraph 5 of Plaintiffs' SAC.

**6.**

Taylor admits the allegations contained in paragraph 6 of Plaintiffs' SAC.

**7.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of Plaintiffs' SAC.

**8.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of Plaintiffs' SAC.

**9.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of Plaintiffs' SAC.

**10.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of Plaintiffs' SAC.

**11.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of Plaintiffs' SAC.

**12.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of Plaintiffs' SAC.

**13.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiffs' SAC.

**14.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiffs' SAC.

**15.**

Taylor denies the allegations contained in paragraph 15 of Plaintiffs' SAC.

**16.**

Taylor denies the allegations contained in paragraph 16 of Plaintiffs' SAC.

**17.**

Taylor admits that a 911 dispatcher obtained facts from a call from Amy Neighbors and that he was dispatched to the scene along with EMS. Taylor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Plaintiffs' SAC, and on that basis denies them.

**18.**

Taylor admits the allegations contained in paragraph 18 of Plaintiffs' SAC.

**19.**

Taylor admits the allegations contained in paragraph 19 of Plaintiffs' SAC.

**20.**

Taylor admits the allegations contained in paragraph 20 of Plaintiffs' SAC.

**21.**

Taylor admits the allegations contained in paragraph 21 of Plaintiffs' SAC.

**22.**

Taylor admits the allegations contained in paragraph 22 of Plaintiffs' SAC.

**23.**

Taylor admits that the deceased exited the house completely naked as Taylor approached the front door of the house. Taylor lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 23 of Plaintiffs' SAC.

**24.**

Taylor denies the allegations contained in paragraph 24 of Plaintiffs' SAC.

**25.**

Taylor admits that he did not verbally announce to the deceased that he was "law enforcement" because he did not have time to do so once the deceased confronted him in a violent manner. Taylor denies the remaining allegations contained in paragraph 25 of Plaintiffs' SAC.

**26.**

Taylor denies the allegations contained in paragraph 26 of Plaintiffs' SAC.

**27.**

Taylor denies the allegations contained in paragraph 27 of Plaintiffs' SAC.

**28.**

Taylor denies the allegations contained in paragraph 28 of Plaintiffs' SAC.

**29.**

Taylor admits that the deceased was naked and unarmed and that he moved towards Taylor. Taylor denies the remaining allegations contained in paragraph 29 of Plaintiffs' SAC.

**30.**

Taylor admits the allegations contained in paragraph 30 of Plaintiffs' SAC.

**31.**

Taylor admits the allegations contained in paragraph 31 of Plaintiffs' SAC.

**32.**

Taylor denies the allegations contained in paragraph 32 of Plaintiffs' SAC.

**33.**

Taylor admits that he was unable to identify himself as a law enforcement

officer due to the immediate threat imposed by the deceased. Taylor denies the remaining allegations contained in paragraph 33 of Plaintiffs' SAC.

## 34.

Taylor admits that, after deploying his taser, there were no non-lethal measures available to restrain the deceased. Taylor denies the remaining allegations contained in paragraph 34 of Plaintiffs' SAC.

## 35.

Taylor denies the allegations contained in paragraph 35 of Plaintiffs' SAC.

## 36.

Taylor admits that he said to the deceased: "you're going to get shot, sir". Taylor denies the remaining allegations contained in paragraph 36 of Plaintiffs' SAC.

## 37.

Taylor admits that after the deceased was tased, the deceased quickly stood and lurched toward Taylor after Taylor warned him that he was going to get shot. Taylor denies the remaining allegations contained in paragraph 37 of Plaintiffs' SAC.

**38.**

Taylor admits that he shot the deceased as the deceased was lurching toward him and that he fired four rounds. Taylor denies the remaining allegations contained in paragraph 38 of Plaintiffs' SAC.

**39.**

Taylor admits the allegations contained in paragraph 39 of Plaintiffs' SAC.

**40.**

Taylor denies that the deceased collapsed into the ditch beside his house immediately after being shot but admits that the deceased ultimately ran into the ditch and collapsed just prior to the arrival of backup.

**41.**

Taylor admits that a second deputy sheriff arrived on the scene after Taylor arrived but denies that he arrived in less than two minutes after Taylor's arrival.

**42.**

Taylor admits that the deceased was turned over onto his belly so that he could be handcuffed behind his back in order to restrain the deceased and ensure safety. Taylor denies that the deceased was writhing in pain or groaning at the time he was turned over on his belly. Taylor lacks knowledge or information sufficient to form a

12

belief about the truth of the remaining allegations contained in paragraph 42 of Plaintiffs' SAC.

## 43.

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of Plaintiffs' SAC.

## 44.

Taylor admits that medical attention could not be rendered to the deceased until he was restrained and no longer a threat to the safety of others. Taylor denies the remaining allegations contained in paragraph 44 of Plaintiffs' SAC.

## 45.

Taylor denies the allegations contained in paragraph 45 of Plaintiffs' SAC.

## 46.

Taylor admits that the deceased died. Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of Plaintiffs' SAC.

## 47.

Taylor hereby realleges and incorporates herein all the above defenses and responses to paragraphs 1 through 46 of Plaintiffs' SAC as if stated herein *verbatim*.

**48.**

Taylor admits that he acted under color of law. Taylor denies the remaining allegations contained in paragraph 48 of Plaintiffs' SAC.

**49.**

Taylor denies the allegations contained in paragraph 49 of Plaintiffs' SAC.

**50.**

Taylor denies the allegations contained in paragraph 50 of Plaintiffs' SAC.

**51.**

Taylor denies the allegations contained in paragraph 51 of Plaintiffs' SAC.

**52.**

Taylor denies the allegations contained in paragraph 52 of Plaintiffs' SAC.

**53.**

Taylor denies the allegations contained in paragraph 53 of Plaintiffs' SAC.

**54.**

Taylor denies the allegations contained in paragraph 54 of Plaintiffs' SAC.

**55.**

Taylor hereby realleges and incorporates herein all the above defenses and responses to paragraphs 1 through 54 of Plaintiffs' SAC as if stated herein *verbatim*.

**56.**

Taylor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of Plaintiffs' SAC.

**57.**

Taylor denies the allegations contained in paragraph 57 of Plaintiffs' SAC.

**58.**

Taylor denies the allegations contained in paragraph 58 of Plaintiffs' SAC.

**59.**

Taylor hereby realleges and incorporates herein all the above defenses and responses to paragraphs 1 through 58 of Plaintiffs' SAC as if stated herein *verbatim*.

**60.**

Taylor denies the allegations contained in paragraph 60 of Plaintiffs' SAC.

**61.**

Taylor hereby realleges and incorporates herein all the above defenses and responses to paragraphs 1 through 60 of Plaintiffs' SAC as if stated herein *verbatim*.

**62.**

Taylor denies the allegations contained in paragraph 62 of Plaintiffs' SAC.

## 63.

Taylor denies the allegations contained in paragraph 63 of Plaintiffs' SAC.

## 64.

Taylor denies that Plaintiffs are entitled to any relief whatsoever from him.

## 65.

All other allegations of Plaintiffs' SAC, whether numbered or unnumbered, not previously admitted, denied or controverted by Taylor are hereby specifically denied.

WHEREFORE, Taylor prays that:

(a) Plaintiffs' SAC be dismissed;

(b) Plaintiffs be granted no relief whatsoever against Taylor;

(c) Judgment be granted in favor of Taylor;

(d) Taylor be awarded appropriate attorney's fees and expenses pursuant to 42 U.S.C. §1988 and all other applicable federal rules and laws;

(e) A jury try this action and Taylor demands a jury trial; and

(f) Taylor be granted all other and further relief as provided by law.

Respectfully submitted by:

WOMACK, RODHAM & RAY, P.C.

*/s/ Ronald R. Womack*
Georgia Bar No. 773650
rwomack@wrrlawfirm.com

*/s/ Ryan L. Ray*
Georgia Bar No. 561765
rray@wrrlawfirm.com

P.O. Box 549
109 East Patton Street
LaFayette, Georgia 30728
Tel: (706) 638-2234
Fax: (706) 638-3173

MCCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP

*/s/ Robert H. Smalley, III*
Georgia Bar No. 653405
rsmalley@mccamylaw.com

411 West Crawford Street
P.O. Box 1105
Dalton, Georgia 30722-1105
Tel: (706) 278-4499
Fax: (706) 278-5002

ATTORNEYS FOR DEFENDANT

17

# CERTIFICATE OF SERVICE

On June 17, 2026, I electronically filed the foregoing *Defendant's Answer to Plaintiffs' Second Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically provide electronic service of this document to all counsel of record.

Submitted by:

WOMACK, RODHAM & RAY, P.C.

*/s/ Ryan L. Ray*
Georgia Bar No. 561765
rray@wrrlawfirm.com

P.O. Box 549
109 East Patton Street
LaFayette, Georgia 30728
Tel: (706) 638-2234
Fax: (706) 638-3173

OF COUNSEL FOR DEFENDANT